EDWARD C. HALL v. WILLIAM H. HALL ET AL.

1. ORIGINAL STOCKHOLDERS FAILING TO TAKE NEW ISSUE WAIVE RIGHTS THEREIN.

   Stockholders, having been given every opportunity to take their full quota of a new issue of stock, failing to do so, waive their rights thereto. Hence, purchasers from them four years later of their stock of original issue acquire thereby no rights in the new issue. Such new stock remaining untaken becomes treasury stock and may legally be sold by the board of directors.

2. SALE OF STOCK EFFECTING CHANGE OF CONTROL OF A CORPORATION HELD NOT ILLEGAL.

   Obtaining control of a corporation by a combination of stockholders or by cumulative voting, in the absence of fraud or other illegal action, is not ground for setting aside a sale of treasury stock to effect such results, especially if the sale were made in the presence of all parties and by the proper officers, and since there is no claim that such stock might have been sold for more in the open market or that it might bring more at a resale.

APPEAL.

**Albert Bettinger,** for plaintiff.

**W. L. Dickson,** for Wm. H. Hall, Chloa Hall Kemper, Fred S. Kemper.

Hall v. Hall.

**W. C. Cochran,** for the Hall's Safe Company.

GIFFEN, J.

The plaintiff seeks to set aside the sale of fifty-four shares of the capital stock of the defendant corporation, the Hall's Safe Company, to the defendant, Chloa H. Kemper, upon the ground that these shares being part of an increase of capital stock should have been apportioned ratably to the holders, including the plaintiff, of the original stock of the company, and that any sale thereof without the consent of the stockholders was illegal and void.

The testimony shows that plaintiff received more than his proportion of such increase, when based upon the number of original shares held by him at the time of the increase, and that those stockholders who did not receive their full quota, having every opportunity to do so, waived their right thereto.

A. Acton Hall and Mr. and Mrs. Clark, as original stockholders, declined to take any of the increase, and when four years later they transferred the stock to the plaintiff the right which they had surrendered did not survive as an incident to the stock, and could not be rightfully asserted by him.

The fifty-four shares, therefore, became treasury stock, which could be legally sold by the board of directors.

The control of the board of directors and the sale of the stock was effected by cumulative voting and by the defendant stockholders combining against the plaintiff, which in the absence of fraud or other illegal element are binding upon him. The stock was sold at a regular meeting of the board of directors, at which plaintiff was present and stated that he would give $250 per share; but a written proposal from the defendant, Chloa H. Kemper, to purchase at $300 per share was accepted and the sale made.

It is not claimed that the stock is worth more, nor that the company will be benefited by a resale; but the whole controversy arises from a determination on the part of plaintiff to retain a majority of the stock, and thereby the control of the company, and alike determination on the part of the defendant stockholders to secure such control; and having decided that the plaintiff as an original stockholder is not entitled to any of the fifty-four shares, the court will not interfere and set aside a sale which although not made in the open market yet was in the presence of all the parties by the proper officers and not illegal.

The petition will be dismissed.

**Swing** and **Smith,** JJ., concur.